Moina H. Johnson, plaintiff in error *vs.* Whitson G. Johnson, defendant in error.

1. Injunction, at the wife's instance, will not issue to restrain the husband from collecting his choses in action, pending a suit for divorce, unless it is obvious that the fund will be put in peril by coming into his hands.

2. Where the bill is not clear and distinct as to the existence and custody of an unauthorized power of attorney, and facts are not alleged which make a case of danger from its use; and, more especially, where the apprehended injury could be prevented by giving notice to a particular corporation, the bill should not be retained for the purpose of decreeing that the power be canceled.

Equity. Injunction. Husband and wife. Divorce. Alimony. Before Judge Pottle. Oglethorpe Superior Court. May Adjourned Term, 1877.

Moina H. Johnson filed her bill against Whitson G. Johnson, her husband, making, in brief, this case :

Complainant is the respondent to a libel for divorce, brought by defendant, now pending. On February 7, 1877, he filed a schedule of the property owned by the respective parties at the time of the separation, but, so far as complainant is informed, not under the order of the court. Among the items on said schedule, stated as belonging to defendant, are certain bonds and notes on Echols & Co., and Joseph H. Echols, aggregating in amount $3,200.00. There is no real estate on such schedule, and the remaining items consist of notes and accounts against persons whose names and residences are not given, and who are entirely unknown to complainant. The defendant is proceeding by suit, as rapidly as possible, to collect the above stated bonds and notes. He has made no provision for the support and maintenance of complainant. No temporary alimony has been allowed, her application, therefor, having not yet been reached. The defendant has recently attempted to have the ten shares of Georgia railroad stock (named in the schedule filed by him as the property of complainant), transferred to him individually, the said stock standing in his name as trustee for complainant, but this effort was frustrated by the refusal of the officers of the company to allow the transfer to be made. Defendant owes no pre-existing debts which would authorize the transfer or sale of any of his property, but that, upon the contrary, he is a lawyer of extensive and lucrative practice, and in the enjoyment of a large income therefrom.

Complainant fears and believes, and so expressly charges, that the defendant will, unless restrained, proceed to collect said bonds and notes, convert the same into money before the final termination of the divorce suit, and thus change the property from a shape in which it would be subject to the final verdict, into such a form as it would not be, thereby endangering and defeating her right to alimony. She there-

fore prays that the collection of the aforesaid choses in action may be enjoined, and for general relief.

Complainant subsequently amended her bill by charging, in substance, as follows: The effort on the part of the defendant to transfer said stock from himself as trustee, to himself individually, was made without her knowledge or consent. She never signed any power of attorney, or any other paper, authorizing such transfer; nor did she ever authorize the defendant, or any other person, to sign her name to the same for her. She therefore prays, additionally, that said pretended power of attorney may be delivered up to be canceled; that the pretended signature of complainant thereto be declared null and void, and that she have such other and further relief as may seem meet and proper.

On demurrer, the injunction was refused and the bill dismissed. To this complainant excepted.

T. W. RUCKER; BARROW BROS., for plaintiff in error.

J. D. MATHEWS; SAMUEL LUMPKIN; JOHN C. REED, for defendant.

BLECKLEY, Judge.

1. Where, pending an action by a husband against his wife for divorce *a vinculo matrimonii*, she files a bill to restrain him from collecting some of his choses in action embraced in the schedule of property owned at the time of the separation, the injunction should not be granted, unless it is obvious that the safety of the fund will be imperiled by suffering him to reduce it to possession.

2. To maintain a bill to cancel an unauthorized power of attorney, the allegations should be clear and distinct as to the existence and custody of the document, and as to the danger of its being successfully employed to work hurt or injury to the complainant. Facts should be alleged making the danger apparent. The presumption is, that a paper not

genuine will be ineffectual; especially where protection against it can be secured by giving notice, to a particular corporation, of its real character.

3. Applying the foregoing rules to the complainant's bill, in the present case, the judgment denying the injunction and dismissing the bill, was correct. The complainant cited Code, §§1720, 1721; 44 *Ga.*, 437; 2 Bishop, Mar. & Div., 502, 503, 504; 4 Gill, 106; 1 Des., 196. The defendant cited 15 *Ga.*, 534; 36 *Ib.*, 286; Code, §1736.

Judgment affirmed.